BUZBY *v.* PHŒNIX INS. CO.[1]

*(District Court, E. D. Pennsylvania.   May 31, 1887.)*

MARINE INSURANCE—CONSTRUCTION OF POLICY—SALVAGE.

Under a policy of insurance, containing the clause, "free from particular general average less than fifty per cent.," there can be no recovery from the insurer, of salvage, and agent's expenses, when there are other insurers, and the proportion of loss payable by the respondent is less than 50 per cent. of the amount of the policy.

In Admiralty.

The case came up on libel and exceptions, of which the following are copies:

The libel of William Buzby, owner of the bark Samuel Welsh, against the Phœnix Insurance Company of New York, in a cause of insurance, civil and maritime, showeth:

(1) That on the twenty-sixth day of February, 1886, the Phœnix Insurance Company caused the libelant to be insured, on account of whom it may concern, in the sum of twenty-five hundred dollars on the bark Samuel Welsh, valued at fifteen thousand dollars, against the perils of the seas, and other perils, as set forth by a policy of the defendant company; free from particular general average under fifty per cent., from the fourteenth day of February, 1886, until the fourteenth day of February, 1887, for the sum of one hundred and fifty dollars, expressed to have been paid by the insured, to which libelant craves leave to refer as a part of this libel.

(2) That, at the time of effecting the said insurance, the said William Buzby was interested in the said bark, as sole owner thereof, and continued so until and after the happening of the disaster hereinafter mentioned, and that other insurance had been effected by the libelant, according to the ordinary forms of their policies, free from particular average under fifty per cent.,— in the Insurance Company of North America, ten thousand dollars; and in the Insurance Company of Pennsylvania, two thousand five hundred dollars, —on the said vessel, in each of the said policies valued at fifteen thousand dollars.

(3) That, among other clauses in the defendant's policy, is one in the following words: "And, in case of any loss or misfortune, it shall be lawful and necessary to and for the assured, his factors, servants, or assigns, to sue, labor, and travel for, in and about the defense, safeguard, and recovery of the said vessel, or any part thereof, without prejudice to this insurance; to the charges whereof the said insurance company will contribute according to the rate and quantity of the sum herein insured; nor shall the acts of the insured or insurers, in recovering, saving, and preserving the property insured in case of disaster, be considered a waiver or acceptance of an abandonment.

(4) The said vessel, while said policy was in force, was, by the perils of the sea, driven ashore on the rocks at Sea Island, on the coast of Nova Scotia, while on a voyage from Sierra Leone, and was abandoned by the master and crew to save their lives; that the vessel came off the reef, and was taken possession of by wreckers, who took her into the port of Yarmouth, and libeled the vessel and her cargo for salvage; that the libelant, in accordance with his understanding of the said respondent's salary, sent an agent to Yarmouth to attend to the vessel's interests, whose expenses amounted to $603.34, and the libel-

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

ant, in concert, and with the advice of the agent of the underwriters, tendered the vessel's share of $3,808.62, for the services of the salvors, to ship cargo and freight; and libelant paid into court the vessel's proportion of that sum, ascertained to be $1,887.89; which amount was a reasonable and proper sum for the services of the salvors, and was approved by all the other insurers except the respondent.

(5) Libelant has presented to the respondent due proof of the sums paid and insured in saving the said property, in relief of the said insurers, whose loss would have been total if the said vessel had been abandoned; that the respondent has refused to examine or consider the same, denying all liability thereunder; that the claim of the libelant against the Phœnix Insurance Company is for one-sixth of the sum of $603.34, the expenses of the agent to Halifax, paid by the libelant, $100.55, and one-sixth of the vessel's proportion of the claims of salvors. Libelant is advised that such payments were required under the "sue and labor" clause of defendant's policy, and are reimbursable by the respondents; and that the services of the said salvors, in saving the said vessel, were rendered to the insurers thereof, and thereby prevented the vessel becoming a total loss, to the full amount of the respondent's policy.

Wherefore libelant prays this honorable court will be pleased to pronounce for the libelant's said demand, with costs, etc.

William Buzby, the above-named libelant, being duly sworn, says: The facts in the foregoing libel are true to the best of his knowledge, information, and belief. WILLIAM BUZBY.

Sworn to and subscribed before me this ——— day of April, 1887.

JOHN RODGERS, Notary Public.

*To the Honorable William Butler, Judge of the District Court of the United States in and for the Eastern District of Pennsylvania:*

IN ADMIRALTY.

The exception of the Phœnix Insurance Company, respondent in above cause, to a certain libel heretofore filed by William Buzby, owner of the bark Samuel Welsh, alleges that the said respondent is informed and believes, and does accordingly aver, that the said libelant is not, upon the facts set forth in his said libel, entitled by law to recover of the said respondent the amount claimed in the said libel, or any other sum of money whatsoever. Wherefore the respondent prays that this honorable court will be pleased to pronounce for the said respondent, and to dismiss the said libel, with costs.

PHŒNIX INS. CO.

By CHAS. E. MATHER.

Charles E. Mather, being duly sworn according to law, deposes, and says that the said respondent is a resident of the district of New York, and that he is, for the purposes of this cause, the attorney in fact of the said respondent specially instructed, and that the facts herein set forth are true, to the best of his knowledge, information, and belief. CHARLES E. MATHER.

*Morton P. Henry,* for libelant.

The services of the salvors were rendered by an independent party to the parties benefited. The party benefited were the insurers on hull against total loss. Whatever expenses were incurred to save the vessel from a total loss, against which it was insured, is a charge upon the underwriters against total loss. *Peters* v. *Warren Ins. Co.,* 14 Pet. 109; *Frichette* v. *State Ins. Co.,* 3 Bosw. 190; *White* v. *Republic Ins. Co.,* 57 Me. 91; *Leiber* v. *Liverpool Ins. Co.,* 6 Bush, 639.

Is there any exception against this payment, under the terms of the policy, free from general average under 50 per cent.? Under this clause the expenses are clearly covered by the words of the policy, as but for these expenses the

salvage alone might have amounted to a total loss or 50 per cent., independently of the particular average. All the authorities agree that salvage is a charge upon the insurer, as a loss under the policy. 2 Arn. Ins. 846; 1 Pars. Mar. Ins. 599; Renecke, Ins. 380; 2 Phil. Ins. 477. Salvage is not general average. *Peters* v. *Warren Ins. Co.*, 3 Sum. 394, 400; 2 Arn. Ins. 844; Id. p. 876, § 323; Id. 878; 3 Kent, Comm. 232; Lown. Gen. Av. 1.

It is against public policy to give an additional motive to masters to refuse the aid of salvors, or to endeavor, as in this case, to reduce exorbitant charges. Charges incurred to prevent a total loss are decided by WILLES, J., in *Kidston* v. *Marine Ins. Co.*, L. R. 1 C. P. 535, to be particular charges, for which the insurers against total loss are liable, although they do not amount to a total loss.

In America it is universally held that additional expenses, fairly incurred in endeavoring to reduce the loss for the benefit of the underwriters, may be recovered. *Lawrence* v. *Van Horne*, 1 Caines, 284; *Jumel* v. *Insurance Co.*, 7 Johns. 412; *Watson* v. *Insurance Co.*, Id. 59.

*Theodore M. Etting*, for respondent.

BUTLER, J., (after reciting the libel and exception.) Are insurers liable for salvage paid under the circumstances stated in the libel? The question is one of much importance and considerable difficulty. In this country it is undecided. It was so in England until the recent case of *Aitchison* v. *Lohre*, 4 App. Cas. 755, when it was determined in favor of the insurers. Without this authority I am not certain what conclusion I would reach. A discussion of the question now would be but a waste of time. All that can be said on either side was said by the distinguished counsel who appeared in *Aitchison* v. *Lohre*, and the very eminent judges who there filed opinions. That case has settled the law for England; and the great importance of uniformity in the rules governing commerce, and all contracts respecting it, in that country and this, induces me to accept the conclusion there reached. As said in *Norrington* v. *Wright*, 115 U. S. 188, 6 Sup. Ct. Rep. 12: "A diversity in the law as administered on the two sides of the Atlantic, concerning the interpretation and effect of commercial contracts, is greatly to be deprecated." Of course, differences do exist which the courts cannot remove. This, however, is not a reason or justification for increasing them.

The expenses of the agent sent out to settle with the salvors, and procure a release of the vessel from their lien, falls within the same rule. The exceptions are therefore sustained, and a decree will be entered accordingly.